JEREMIAH TOWLE, Respondent, v. BARNARD DE WITT, Appellant.

*Practice — judgment in ejectment — record of — correction of.*

A judgment in ejectment reciting erroneously that a verdict was found for defendant, instead of stating that plaintiff's complaint was dismissed by the court, having been entered by the defendant's attorneys, and the defendant having taken no steps to open and correct it, he cannot impugn the record by producing the clerk's minutes of the trial for the purpose of defeating a motion to vacate the judgment and for a new trial on payment of costs.

APPEAL from an order made at Special Term vacating a judgment in ejectment, and granting a new trial on payment of costs under the statute.

*Dudley Field*, for the appellant.

*Charles M. Da Costa*, for the respondent.

DAVIS, P. J. :

This was an action of ejectment, brought to recover part of certain lots of land situate in the city of New York. The action was tried at circuit before Mr. Justice VAN BRUNT and a jury, on the 27th day of March, 1873. On the 3d day of April, 1873, on motion of Field & Shearman, defendant's attorneys, judgment was entered in the form following :

" This action having been brought to trial by jury on the twenty-seventh day of March, and a verdict having been found for the defendant herein, it is now, on motion of Field & Shearman, attorneys for the defendant herein, adjudged that the complaint be dismissed upon the merits of the action, and the defendant, Barnard De Witt, recover of the plaintiff, Jeremiah Towle, $357.18, costs of this action."
The plaintiff now on an affidavit showing the above facts, moves that the judgment be vacated and a new trial granted on payment of costs, in pursuance of the provisions of the Revised Statutes. (2 R. S., 309, §§ 36, 37.) The motion having been made within three years, the plaintiff was clearly entitled to the relief from the judgment as entered. But to prevent the granting of such relief, the defendant claims, while the judgment still stands of record and in full force, that in fact it was improperly and irregularly entered by defendant's attorneys upon a nonsuit of plaintiff at the trial, and not upon a verdict. He brings in the clerk's minutes of the trial, from which it does appear that, after the plaintiff had put in certain documentary evidence and maps, and requested the court to charge in a certain manner in respect to the title of the lots, which the court refused to do, he rested, and thereupon the court, on motion of defendant's attorney, dismissed the complaint. This certainly shows that the judgment was irregularly entered in the form in which it appears; but it was done by defendant's attorney and on

his behalf, and the plaintiff has acquiesced in it by his failing, so far as any thing appears, to move to vacate it for irregularity. While the judgment thus stands of record, it imports absolute verity; and the defendant having taken no steps to open and correct it, stands in the position of seeking to impugn the record for the purpose of defeating this motion, and to maintain it in its present form for all other purposes. This, we think, cannot be done. The judgment stands of record as entered by defendant's attorneys, and has so stood for nearly three years in a form which precludes the bringing of a new suit. For what reason that form was adopted is not disclosed by the affidavit of defendant's attorney, but its effect is clearly apparent. It cannot be changed from a final judgment upon the merits after verdict for the temporary purpose of defeating this motion, by the mere production of the minutes of the trial showing that plaintiff's complaint was dismissed without verdict; for after the motion had been so defeated, the judgment will stand *in proprio vigore*, and the plaintiff, by lapse of time, will have lost his right to assail it for irregularity. For this reason the court below was right in granting the order appealed from. It is not necessary to discuss whether, under the amendment of 1862, the plaintiff would not be entitled to a new trial. That amendment makes section 36 of the statute (2 R. S., 290) read as follows:

" Every judgment in an action of ejectment rendered upon a verdict of a jury, or a report of a referee upon the facts, or upon the decision of a single judge upon the facts, shall be conclusive," and the words " such judgment" in section 37 (2 R. S., 309) doubtless refer to the judgments described in section 36 as those in which a new trial shall be granted on payment of costs and expenses. Whether a judgment entered upon an order dismissing the complaint, after the plaintiff has put in his evidence and rested, is to be regarded as one rendered " upon the decision of a single judge upon the facts," within the true meaning of section 36 of the statute, above cited, we do not now determine. The order should be affirmed with ten dollars costs, beside disbursements.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.